# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| MICHAEL SCOTT CHAMBERLAIN and CARING MAN IN A VAN, LLC, : : : | |
| Plaintiffs/Counter-Defendants, : : | Civil Action No. 3:20-cv-101 (CAR) |
| v. : : | |
| CARING RIDE, INC.; JASON WALKER; and ROBERT HUNTER; : : : | |
| Defendants/Counter-Plaintiffs. : : | |

## ORDER ON MOTION TO DISMISS COUNTERCLAIMS and MOTION TO JOIN INDISPENSABLE PARTY

Plaintiffs Michael "Scott" Chamberlain and Caring Man in a Van, LLC, filed this action pursuant to the Court's diversity jurisdiction asserting breach of fiduciary duties and other Georgia state law claims against Defendants after the medical transportation business Defendants purchased from Plaintiffs failed. Defendants Caring Ride, Inc.; Jason Walker; and Robert Hunter filed their Answers and Counterclaims against Plaintiffs/Counter-Defendants for fraud, indemnification, unjust enrichment, breach of contract, breach of fiduciary duties, and conversion.[1] Currently before the Court is Counter-Plaintiffs' Motion to Join Justin Chamberlain as a Counter-Defendant and

---

[1] Counter-Plaintiffs' Answers and Counterclaims [Docs. 6, 7, & 8].

1

Counter-Defendants' Motion to Dismiss all counterclaims for failure to state a claim. For the following reasons, the Motion to Dismiss [Doc. 15] is **GRANTED**, and the Motion to Join Justin Chamberlain [Doc. 9] is **DENIED**. Counter-Plaintiffs' Counterclaims [Docs. 6-8] are hereby **DISMISSED**.

## BACKGROUND

Original Complaint

Plaintiffs' allegations center around the sale of Caring Man in a Van, LLC's ("CMV") assets to Defendants and their subsequent failure to make payments under the sale agreement. Plaintiffs allege that Scott Chamberlain founded CMV to provide non-emergency medical transportation using a fleet of vans.[2] At the end of 2019, Scott[3] negotiated the sale of CMV to Defendants Jason Walker and Robert Hunter.[4] Walker and Hunter formed a new company, Caring Ride, Inc. ("CRI"), to purchase CMV's assets and take over its business operations.[5]

In January 2020, the parties signed a series of agreements under which CMV agreed to transfer "substantially all" of its assets and business accounts to CRI in

---

[2] Complaint ¶¶ 12-14, 49 [Doc. 1].
[3] For simplicity, the Court will refer to Scott Chamberlain and Justin Chamberlain as Scott and Justin, respectively, for the remainder of this Order.
[4] *Id.* at ¶¶ 15-22.
[5] *Id.* at ¶¶ 18-19.

2

exchange for $563,000 over a ten-year period.⁶ CMV retained an ownership interest in its fleet of vans but owed money on the vans to three creditors.⁷ CRI leased the vans from CMV and made direct payments to CMV's creditors for the amounts CMV still owed.⁸ At the time of the sale, CRI also signed employment agreements in which it hired Scott as a business consultant and Justin Chamberlain, Scott's son, as its general manager.⁹

In March 2020, the COVID-19 pandemic severely disrupted CRI's business operations.¹⁰ Over the summer months, Defendants stopped making payments to Plaintiffs as required under the asset purchase agreement, and Plaintiffs allege Walker and Hunter misappropriated CRI's funds.¹¹ In August 2020, Defendants returned the vans to Scott; terminated several employees, including Justin; and abandoned CRI's office.¹² On September 21, 2020, Scott received a Notice of Dissolution for CRI from CRI's attorney.¹³

Plaintiffs then filed this action, asserting claims for breach of fiduciary duties, voidable transaction, unjust enrichment, conversion, breach of lease agreement,

---

⁶ Complaint, Exhibit 1 at pg. 1, 8 [Doc 1-5].
⁷ Complaint at ¶¶ 23, 32, 86-88.
⁸ *Id.*
⁹ Complaint, Exhibit 1 at pg. 179-190.
¹⁰ Complaint at ¶ 48.
¹¹ *Id.* at pg. 11-19.
¹² *Id.* at ¶¶ 69-72.
¹³ *Id.* at ¶ 82.

anticipatory breach of promissory note, and breach of implied covenant of good faith and fair dealing.

Counterclaims

Defendants/Counter-Plaintiffs assert counterclaims against Scott, Justin, and CMV for material misrepresentations made during the sale of CMV's assets.[14] Counter-Plaintiffs allege that prior to the sale of CMV's assets in December, 2019, CMV's third largest client, Ethica, informed Scott and Justin that Ethica intended to start a competing non-emergency transportation service and significantly decrease its reliance on CMV.[15] Scott and Justin failed to notify Counter-Plaintiffs of Ethica's intentions and affirmatively stated they had not withheld information about CMV's accounts.[16]

On July 27, 2020, an Ethica representative told Walker that Ethica would not give CRI additional business because it was starting its own NEMT business.[17] Ethica's representative said Ethica had secured a business license and created an LLC to operate it, but implementation of the new model was slow due to COVID-19.[18] Counter-Plaintiffs

---

[14] Counter-Plaintiffs' Answers and Counterclaims [Docs. 6, 7, & 8]. While not identical, all three Counterclaims assert the same core allegations.
[15] Answer and Counterclaim of Caring Ride, Inc. at ¶¶ 96, 115 [Doc. 6].
[16] *Id.* at ¶¶ 30, 44., 67-68, 113-114.
[17] *Id.* at ¶ 96.
[18] *Id.*

do not allege Ethica withdrew any business from CRI or that Ethica's new business started operations or resulted in any loss of CRI's customers.[19]

On August 11, 2020, CRI's attorney sent a letter to Scott.[20] The letter states that Counter-Plaintiffs will stop making payments on the vans and demands Scott and CMV take over payments to the vehicle lenders.[21] Counter-Plaintiffs also allege that on August 11, 2020, Justin stole the van keys and personnel files from CRI's offices. Justin did not return the van keys until the Oconee County Sheriff's Office threatened him with arrest, and he never returned the personnel files.[22] They allege Scott told Justin to steal the keys and the files.[23]

Finally, Counter-Plaintiffs allege Scott cancelled the Peach Passes[24] for the vans and refused to provide them with CRI's computer passwords.[25]

Counter-Plaintiffs assert counterclaims for fraud, indemnification, breach of contract, breach of fiduciary duties, unjust enrichment, and conversion. They seek to join Justin as a counter-defendant for the fraud, breach of contract, breach of fiduciary duties,

---

[19] *See generally* Answer and Counterclaim of CRI.
[20] Complaint, Exhibit 7 [Doc 1-11].
[21] *Id.*
[22] Answer and Counterclaim of Caring Ride, Inc, at ¶¶ 106, 158.
[23] *Id.* at ¶ 104.
[24] Peach Passes allow commuters to bypass traffic along interstates in metro Atlanta.
[25] *Id.* at ¶ 145.

unjust enrichment, and conversion claims. Counter-Defendants oppose the Motion to Join Justin and filed a Motion to Dismiss the Counterclaims

## ANALYSIS

**I. MOTION TO DISMISS THE COUNTERCLAIMS**

"A motion to dismiss a counterclaim under Fed. R. Civ. P. 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint. In deciding a motion to dismiss, the Court must accept all factual allegations in the counterclaim as true and take them in the light most favorable to the counter-claimant."[26] To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[27] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[28] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[29]

**A. Unjust Enrichment**

---

[26] *Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1210 (M.D. Fla. 2005)
[27] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[28] *Id.*
[29] *Twombly* at 556.

6

Counter-Plaintiffs' claims for unjust enrichment must be dismissed because the sale of CMV's assets was conducted pursuant to valid contracts. Under Georgia law, "unjust enrichment is an equitable principle that may be applied when there is no valid written contract between the parties. In other words, if there was no express or implied contract, the plaintiffs can bring a claim for unjust enrichment."[30]

Counter-Plaintiffs do not contest, and the pleadings establish, that valid contracts governed the sale of CMV's assets, the lease of CMV's office, CRI's employment of Scott and Justin, and the lease of CMV's vans.[31] Although Counter-Plaintiffs allege "CMV, Scott Chamberlain and Justin Chamberlain . . . received cash payments, paychecks, and other forms of compensation from Defendant/Counterclaim Plaintiff,"[32] they do not identify any specific benefits other than those derived under the contracts.[33] Because Counter-Defendants received benefits pursuant to valid contracts, the counterclaims for unjust enrichment must be DISMISSED.

**B. Conversion**

---

[30] *Collins v. Athens Orthopedic Clinic*, 356 Ga. App. 776 (2020) (citations omitted); *Hanover Ins. Co. v. Hermosa Const. Grp., LLC*, 57 F. Supp. 3d 1389, 1398 (N.D. Ga. 2014).
[31] Complaint, Exhibits 1-2 [Docs. 1-5 & 1-6].
[32] Answer and Counterclaim of CRI, at ¶ 149 [Doc. 6].
[33] Counter-Plaintiffs request discovery to determine if Counter-Defendants gained benefits other than those derived under the contract, but this is pure speculation that is unsupported by the allegations in the Counterclaims.

7

Counter-Plaintiffs assert counterclaims against Scott for conversion based on allegations that Scott told Justin to steal the van keys and CRI's personnel files.[34] Scott argues these counterclaims must be dismissed for failure to state a claim. The Court agrees.

Conversion is the exercise of dominion over personal property belonging to another.[35] To establish a prima facie case for conversion under Georgia law, "the complaining party must show (1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property."[36]

Counter-Plaintiffs fail to allege Scott ever had actual possession of the van keys or the personnel files. Counter-Plaintiffs merely allege Scott instructed Justin to take the van keys and the personnel files. "Where there is no evidence that the defendant possesses any of the funds or items allegedly converted, an action for conversion must fail."[37] Moreover, Counter-Plaintiffs do not allege they demanded that Scott return the van keys

---

[34] Counter-Plaintiffs also assert these claims against Justin, but the Court denies Counter-Plaintiff's Motion to Join Justin in this Order.

[35] *See Bearoff v. Craton*, 350 Ga. App. 826, 839–40 (2019).

[36] *Bo Phillips Co. v. R.L. King Properties, LLC*, 336 Ga. App. 705, 707 (2016).

[37] *See J. Kinson Cook of Georgia, Inc. v. Heery/Mitchell*, 284 Ga. App. 552, 558, 644 S.E.2d 440, 447 (2007).

or personnel files, or that Scott refused to return them. Thus, these counterclaims are DISMISSED.

**C. Fraud, Breach of Contract, and Breach of Fiduciary Duty**

Counter-Plaintiffs allege counterclaims against CMV and Scott for fraud, breach of contract, and breach of fiduciary duty. These claims are centered around Counter-Plaintiffs' allegation that Scott failed to inform them that Ethica planned to withdraw virtually all of its business from CMV and start a competing NEMT business.[38] Counter-Plaintiffs also assert counterclaims for breach of fiduciary duty because Scott refused to give them CRI's computer passwords, instructed Justin to take the van keys and personnel files, and cancelled Peach Passes for the vans. Counter-Defendants argue the Court must dismiss these claims because no allegation shows Scott's actions or misrepresentations caused Counter-Plaintiffs to suffer any damages. The Court agrees.

Under Georgia law, to state claims for fraud, breach of contract, and breach of fiduciary duty, Counter-Plaintiffs must allege they suffered actual damages as a result of the alleged fraud, breach of contract, and breach of fiduciary duty.[39]

---

[38] Counter-Plaintiffs also assert these claims against Justin, but the Court denies Counter-Plaintiff's Motion to Join Justin in this Order.

[39] *Glynn County Fed. Employees Credit Union v. Peagler*, 256 Ga. 342 (1986) ("To establish a cause of action for fraud, a plaintiff must show that actual damages, not simply nominal damages, flowed from the fraud alleged."); *Kuritzky v. Emory University*, 294 Ga. App. 370, 371 (2008) (stating elements of breach of contract include "resultant damages.");

Here, the Counterclaims contain no allegation Counter-Plaintiffs suffered any damages due to any misrepresentation about Ethica. Although Counter-Plaintiffs allege they formally dissolved CRI, they do not allege the dissolution was related to any misrepresentation about Ethica. Moreover, although Counter-Plaintiffs allege that Ethica started a competing company and planned to withdraw its business from CRI, they do not allege Ethica withdrew any business from CRI or caused the loss of CRI's other customers.[40] "If the damage incurred by the plaintiff is only the imaginary or possible result of a tortious act or if other . . . such damage is too remote to be the basis of recovery against the wrongdoer."[41]

Finally, Counter-Plaintiffs fail to allege Scott's refusal to disclose CRI's passwords, his instruction for Justin to take the van keys and personnel files, or his cancellation of the Peach Passes caused any actual damages.

Because Counter-Plaintiffs fail to allege they suffered damages, their fraud, breach of contract, and breach of fiduciary duty claims are DISMISSED.

## II. MOTION TO JOIN JUSTIN CHAMBERLAIN

---

*Griffin v. Fowler*, 260 Ga. App. 443, 445 (2003) (stating elements of breach of fiduciary duty include "damage proximately caused by the breach.").
[40] Answer and Counterclaim of CRI, at ¶ 115 [Doc. 6].
[41] O.C.G.A. § 51-12-8 (West).

Counter-Plaintiffs seek to join Justin as an indispensable party under Fed. R. Civ. P. 19 or, alternatively, to permissively join him as a Counter-Defendant under Fed. R. Civ. P. 20. They seek to assert counterclaims against Justin for fraud, breach of contract, breach of fiduciary duty, and conversion. The counterclaims for fraud, breach of contract, and breach of fiduciary duty are based on the same allegations as those against Scott and, as such, would be dismissed for the reasons stated above. Thus, joining Justin as a Counter-Defendant for these claims would be futile. The counterclaims against Justin for conversion are based on allegations that Justin removed the van keys and personnel files from CRI's office. The conversion claims, however, are unrelated to the allegations in the Complaint, and therefore joinder is inappropriate.

To join Justin as an indispensable party under Rule 19, Counter-Plaintiffs must show that "the court cannot accord complete relief among existing parties[.]"[42] And to permissively join Justin under Rule 20, Counter-Plaintiffs must show (1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all persons seeking to be joined.[43]

Here, joinder under either Rule 19 or Rule 20 is inappropriate. The allegations that Justin took the van keys and personnel files are unrelated to the claims in the Complaint,

---

[42] Fed. R. Civ. P. 19.
[43] Fed. R. Civ. P. 20(a).

11

which center around Counter-Plaintiffs' alleged failure to make payments to Scott for CMV's assets as required under the contract. There is no allegation that Justin is an owner of CMV or that Counter-Plaintiffs owe him money under the contract. Thus, joinder of Justin is unnecessary to afford complete relief among the existing parties as required under Rule 19.[44] And because the Court has dismissed all counterclaims against Scott and CMV, there is no longer any shared transaction or question of law or fact as required under Rule 20.[45] Thus, Counter-Plaintiff's Motion to join Justin is DENIED.

## CONCLUSION

For the above reasons, Counter-Defendants' Motion to Dismiss [Doc. 15] is **GRANTED**, and Counter-Plaintiffs' Motion to Join Justin Chamberlain [Doc. 9] is **DENIED**. Counter-Plaintiffs' Counterclaims [Docs. 6-8] are hereby **DISMISSED**.

**SO ORDERED** this 23rd day of July, 2021.

s/C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[44] *See State Farm Mut. Auto. Ins. Co. v Bates* (1982, ND Ga) 542 F Supp 807 (holding joinder of a party under Rule 19 is not necessary where complete relief can be afforded with presence of present parties only and where interest of party not joined in litigation is "merely academic and totally indirect.").

[45] *See U.S. v. Timmons*, 672 F.2d 1373 (11th Cir. 1982) (holding district court did not abuse its discretion in denying defendants' motion to join the county and various county officials under Rule 20 after the dismissal of counterclaims against the United States, since the trial court appropriately considered that joinder would not serve the interests of judicial economy in view of the late stage of the proceedings and the lack of any disadvantage to defendants in bringing their claims in a separate action.)